UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ASHOOK RAMSARAN,

                                                                             1:15-cv-10182 (JPO)

                      Plaintiff,

    -against-

THOMAS ABRAHAM; SUNNY KULATHAKAL;
RAM GADHAVI; APN NEWS; TEHELKA
NEWS; and DNA NEWS.

                     Defendants.
-------------------------------------------------------------X

**NOTICE**

THE ATTACHED LEGAL PAPERS ARE BEING SERVED ON YOU BECAUSE YOU HAVE FAILED TO APPEAR IN A LAWSUIT BROUGHT AGAINST YOU. IF YOU DO NOT ENTER AN APPEARANCE IN THE LAWSUIT ON OR BEFORE <u>DECEMBER 19, 2016</u>, THE COURT WILL ENTER A DEFAULT JUDGMENT AGAINST YOU. IF YOU ARE A CORPORATION, YOU CAN ONLY APPEAR THROUGH AN ATTORNEY. IF YOU ARE AN INDIVIDUAL, YOU MAY APPEAR BY AN ATTORNEY OR APPEAR YOURSELF PRO SE. IN EITHER EVENT, YOU MUST TAKE SOME ACTION OR A JUDGMENT WILL BE ENTERED AGAINST YOU. ENTRY OF A JUDGMENT MAY RESULT IN A LEVY AGAINST YOUR PROPERTY.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ASHOOK RAMSARAN,

                                                      1:15-cv-10182 (JPO)

                Plaintiff,             **NOTICE OF MOTION FOR ENTRY OF A DEFAULT JUDGMENT**

    -against-

THOMAS ABRAHAM; SUNNY KULATHAKAL;
RAM GADHAVI; APN NEWS; TEHELKA
NEWS; and DNA NEWS.

                        Defendants.
-------------------------------------------------------------X

      PLEASE TAKE NOTICE, that Plaintiff Ashook Ramsaran ("Plaintiff"), upon the Clerk's Certificate of Default, the accompanying Memorandum of Law, and all prior papers and proceedings, shall, pursuant to Fed. R. Civ. P. 55, and the Court's Individual Rules of Practice, move this Court, before the Honorable Paul Oetken, at the United States Courthouse, 500 Pearl Street, New York, New York, 10007, at a date and time designated by the Court, for an Order: (a) entering a default judgment of liability against Defendant Sunny Kulathakal; (b) entering a default judgment of damages in the amount sought in the Complaint, or in the alternative, scheduling an inquest on damages; and (c) awarding such other and further relief as the Court deems just.

Dated:  November 21, 2016             Respectfully submitted,
       New York, New York

                                             The Law Office of Nicholas Loaknauth, P.C.
                                             By:  /s/ Nicholas Loaknauth
                                             1460 Broadway
                                             New York, NY 10036
                                             Tel: (212) 641-0745

nick@loaknauthlaw.com
*Attorney for Plaintiff*

Robert A. Straniere
300 E. 57th Street
New York, NY 10022
Tel: (917) 880-7303
robertastraniere@yahoo.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ASHOOK RAMSARAN,

                                                                                              1:15-cv-10182 (JPO)

                            Plaintiff,

    -against-

THOMAS ABRAHAM; SUNNY KULATHAKAL;
RAM GADHAVI; APN NEWS; TEHELKA
NEWS; and DNA NEWS.

                       Defendants.
-------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR ENTRY OF A DEFAULT JUDGMENT
AGAINST DEFENDANT SUNNY KULATHAKAL**

                                                The Law Office of Nicholas Loaknauth, P.C.
                                                By:  /s/ Nicholas Loaknauth
                                                1460 Broadway
                                                New York, NY 10036
                                                Tel: (212) 641-0745
                                                nick@loaknauthlaw.com
                                                *Attorney for Plaintiff*

                                                Robert A. Straniere
                                                300 E. 57th Street
                                                New York, NY 10022
                                                Tel: (917) 880-7303
                                                robertastraniere@yahoo.com
                                                *Attorney for Plaintiff*

# **TABLE OF CONTENTS**

| | |
|---|---:|
| TABLE OF CONTENTS | 2 |
| TABLE OF AUTHORITIES | 3 |
| PRELIMINARY STATEMENT | 4 |
| PROCEDURAL BACKGROUND | 4 |
| ARGUMENT | 4 |
| THE COURT SHOULD ENTER A DEFAULT OF JUDGMENT AGAINST DEFENDANT SUNNY KULATHAKAL | 4 |
|     A.    Standard on A Motion for Entry of Default Judgment | 4 |
|     B.    The Court has Personal Jurisdiction over Defendant Sunny Kulathakal | 6 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

### Cases

Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995) ............................................. 5

Burnham v. Superior Court of Cal., 495 U.S. 604 (U.S. 1990) ..................................................... 7

City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114 (2d Cir. 2011) ....................................... 4, 5

Cotton v. Slone, 4 F.3d 176 (2d Cir. 1993)......................................................................... 5

Enron Oil Corp. v. Diakuhara, 10 F.3d 90 (2d Cir. 1993) ........................................................... 4

Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541 (S.D.N.Y. 2005) ........................................ 7

Fischer v. OBG Cameron Banfill LLP, 2010 U.S. Dist. LEXIS 101261 (S.D.N.Y. Sept. 24, 2010) ........... 5

Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38 (2d Cir. 1989) ................................................ 5

House of Diamonds, Inc. v. Borgioni LLC, 2009 U.S. Dist. LEXIS 76089 (S.D.N.Y. Aug. 4, 2009)..... 5, 6

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)................................................................. 6

Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560 (2d Cir. 1996)......................................... 6

National Photo Group, LLC v. Bigstar Entmt., Inc., 13-CV-5467 (VSB)(JLC) (S.D.N.Y. Apr. 11, 2014) . 5

Reiseck v. Universal Comm. of Miami, Inc., 06-CV-0777 (LGS) (S.D.N.Y. Mar. 19, 2014) ...................... 4

RLI Ins. Co. v. King Sha Group, 598 F. Supp. 2d 438 (S.D.N.Y. 2009)............................................. 5

### Statutes

28 U.S.C. § 1332................................................................................................... 6

N.Y. C.P.L.R. § 302................................................................................................ 6

### Rules

Federal Rule of Civil Procedure 4(k)(1)(A)........................................................................ 6

Federal Rule of Civil Procedure 55(a) ............................................................................ 4

**PRELIMINARY STATEMENT**

The Court should enter a default judgment against Defendant Sunny Kulathakal ("Defendant").

Defendant has failed to answer, appear or otherwise defend in this action. Accordingly, Plaintiff Ashook Ramsaran ("Plaintiff") seeks entry of a default judgment against Defendant.

**PROCEDURAL BACKGROUND**

Plaintiff filed his complaint on December 31, 2015. [Dkt. No. 1]. Defendant was served with the summons and complaint on February 6, 2016. Service was accepted by Biju George Kulathakal, Defendant's son, who was over the age of eighteen and of suitable discretion, at Defendant's dwelling in Chicago, Illinois. [Dkt. No. 20]. Defendant failed to answer, appear or otherwise defend in this action by his response due date of February 29, 2016. Plaintiff requested to enter default against Defendant on March 22, 2016 [Dkt. No. 24], and the Clerk of this Court issued a Certificate of Default as to Defendant on March 23, 2016. [Dkt. No. 27].

**ARGUMENT**

**THE COURT SHOULD ENTER A DEFAULT OF
JUDGMENT AGAINST DEFENDANT KULATHAKAL**

A.  **Standard on a Motion for Entry of Default Judgment**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

"Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of default [under Rule 55(a)], and second, the entry of a default

judgment [under Rule 55(b)]." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). "The entry of default is an interlocutory act and, as such, a non-final order." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

While Rule 55(a) permits the Clerk to enter a default, "a district judge also possesses the inherent power to enter a default." Mickalis Pawn Shop, 645 F.3d at 128; Reiseck v. Universal Comm. of Miami, Inc., 06-CV-0777 (LGS), 2014 WL 1100140, at *2 (S.D.N.Y. Mar. 19, 2014) (citing Mickalis Pawn Shop).

"The second step, entry of a default judgment, converts the defendant's admission of liability [through default] into a final judgment that terminates the litigation [as to that defendant] and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis Pawn Shop, 645 F.3d at 128.

Thus, "[a] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." National Photo Group, LLC v. Bigstar Entmt., Inc., 13-CV-5467 (VSB)(JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (quoting Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995)). The court must accept as true all of a plaintiff's well-pleaded allegations concerning issues other than damages. RLI Ins. Co. v. King Sha Group, 598 F. Supp. 2d 438, 441 (S.D.N.Y. 2009) (citing Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). The Court may conduct an inquest to calculate damages so long as the Court ensures that there is a basis for the damages specified in the default judgment. See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989). Further, "under New York law, "all who take part in the procurement, composition and publication of a libel are responsible in law and equally so." Fischer v. OBG Cameron Banfill LLP, 2010 U.S. Dist. LEXIS 101261, *5, 2010 WL 3733882 (S.D.N.Y. Sept. 24, 2010).

B.     **The Court has Personal Jurisdiction over Defendant Sunny Kulathakal**

This Court has subject matter jurisdiction over the claims in the instant action pursuant to 28 U.S.C. § 1332. "Generally, a district court sitting in diversity has personal jurisdiction over a defendant who is 'subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" House of Diamonds, Inc. v. Borgioni LLC, 2009 U.S. Dist. LEXIS 76089, *5-6 (S.D.N.Y. Aug. 4, 2009) (citing FED. R. CIV. P. 4(k)(1)(A)). To determine whether personal jurisdiction over Defendant Sunny Kulathakal is proper, the Court must engage in a two-step analysis. First, the Court must determine whether New York's long-arm statute, N.Y. C.P.L.R. § 302, confers jurisdiction over Defendant to New York State Courts of general jurisdiction. Secondly, the Court must establish whether the exercise of personal jurisdiction over Defendants would be permissible under the Due Process Clause of the United States Constitution. See House of Diamonds at *6 (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996), cert. denied, 519 U.S. 1006, 117 S. Ct. 508, 136 L. Ed. 2d 398 (1996)). To comport with the Constitution's requirements, the plaintiff must show that the defendants had minimum contacts with the forum state such that the maintenance of a suit against them in forum state will not offend traditional notions of fair play and substantial justice. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Service was first accepted by Biju George Kulathakal, Defendant's son, who was over the age of eighteen and of suitable discretion, at Defendant's dwelling in Chicago, Illinois on February 6, 2016[1]. See Exhibit A (Affidavit of Process Server Barry A. Savage, Sr. dated

---

[1] Assuming for the sake of argument that the Summons and Complaint were not served upon the Defendant Sunny Kulathakal – the record however shows that the Summons and Complaint were properly served – Defendant Sunny Kulathakal was required to raise any such lack of service as an affirmative defense and promptly make a motion to dismiss for lack of service. See Burton v. Northern Dutchess Hosp., 106 F.R.D. 477, 481 (S.D.N.Y. 1985)

6

February 10, 2016). The second service of the summons and complaint were made upon the Defendant himself, Sunny Kulathakal, while he was physically in the state of New York. See Exhibit B (Affidavit of Process Server Robert Urena dated June 27, 2016). "Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State." Burnham v. Superior Court of Cal., 495 U.S. 604, 610, 110 S. Ct. 2105, 2110, 109 L. Ed. 2d 631, 639, 1990 U.S. LEXIS 2700, *14, 58 U.S.L.W. 4629 (U.S. 1990); see also Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 553, 2005 U.S. Dist. LEXIS 27324, *31 (S.D.N.Y. 2005) ("Tag" jurisdiction, or personal service on an individual within the state, is a valid method of acquiring personal jurisdiction over an individual.). As Defendant Kulathakal was physically present and served within the State of New York, all the prongs of the personal jurisdiction analysis have been met and this Court thus has personal jurisdiction over him.

## CONCLUSION

For the foregoing reasons, Plaintiff Ashook Ramsaran respectfully requests that the Court issue an Order: (a) entering a default judgment of liability against Defendant Sunny Kulathakal; (b) entering a default judgment of damages in the amount sought in the Complaint, or in the alternative scheduling an inquest on damages; and (c) awarding such other and further relief as the Court deems just.

---

(defendants may not preserve the defense of insufficiency of service of process in perpetuity, and are required at some point to raise the issue by motion for the court's determination). By failing to raise any such defense and failing to move to dismiss for lack of service, Defendant Sunny Kulathakal waived any lack of personal jurisdiction defense. See id at 480 quoting Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 168 (1939) (lack of personal jurisdiction is a privileged defense that can be waived "by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct.").

Dated: November 21, 2016
       New York, New York

                                       Respectfully submitted,

                                       Law Office of Nicholas Loaknauth, P.C.
                                       By:    /s/ Nicholas Loaknauth
                                                Nicholas Loaknauth
                                                1460 Broadway
                                                New York, NY 10036
                                                Tel: (212) 641-0745
                                                nick@loaknauthlaw.com
                                                *Attorney for Plaintiff*

                                       By:    /s/ Robert A. Straniere
                                                Robert A. Straniere
                                                300 East 57th Street
                                                New York, NY 10022
                                                Tel:  (917) 880-7303
                                                robertastraniere@yahoo.com
                                                *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Nicholas Loaknauth, counsel of record for Plaintiff herein, hereby certify that, on November 21, 2016, I caused to be served the annexed Notice, Notice of Motion, the Memorandum of Law in Support Thereof, the Loaknauth Declaration in Support Thereof, and the Clerk's Certificate of Default, upon the Defendant Sunny Kulathakal by (a) filing electronically through the Court's ECF system; (b) e-mail to the e-mail addresses kulathakal@yahoo.com and kulathakal44@gmail.com; and (c) through regular mail to the address 211 E. Ohio Street, Apt 603, Chicago, IL 60611.

/s/ Nicholas Loaknauth
Nicholas Loaknauth

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHOOK RAMSARAN,<br><br>                            Plaintiff,<br><br>  against<br><br>THOMAS ABRAHAM; SUNNY KULATHAKAL; RAM GADHAVI; APN NEWS; TEHELKA NEWS; and DNA NEWS,<br><br>                            Defendants. | Index Number 1:15-cv-10182 (JPO)<br><br>**AFFIRMATION OF<br>NICHOLAS LOAKNAUTH** |

      **NICHOLAS LOAKNAUTH** subscribes as true under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

      1.     I am a member of the Bar of this Court and am the attorney for plaintiff in the above-entitled action.  I am familiar with all the facts and circumstances in this action.

      2.     I make this affirmation pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant.

      3.     This is a defamation and libel action to recover money damages caused by defendant's defamatory and libelous conduct.

      4.     Jurisdiction of the subject matter of this action is based on diversity jurisdiction.

      5.     This action was commenced on December 31, 2015 by the filing of the summons and complaint.  A copy of the summons and complaint was served on the defendant on February 6, 2016 by personal service on Biju Kulathakal, defendant's son, and proof of service by the process server was filed.  A copy of the summons and complaint was also served on the defendant on June 25, 2016 by personal service on the defendant Sunny Kulathakal while he was

physically present within the State of New York, and proof of service by the process server was filed. The defendant has not answered the complaint and the time for the defendant to answer the complaint has expired.

6.  This action seeks judgment in the amount of $2,000,000.00, which represents the amount to make plaintiff whole from the damages caused by defendant's defamatory and libelous statements, no part of which has been paid.

8.  Upon information and belief, Sunny Kulathakal is not an infant, in the military, or an incompetent person.

I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed Judgment against defendant Sunny Kulathakal.


Dated: November 21, 2016
       New York, NY

                                    By:  /s/ Nicholas Loaknauth
                                    Nicholas Loaknauth
                                    The Law Office of Nicholas Loaknauth, Esq.
                                    1460 Broadway
                                    New York, NY 10036
                                    (212) 641-0745
                                    nick@loaknauthlaw.com
                                    *Attorney for Plaintiff*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ASHOOK RAMSARAN

                    **Plaintiff(s),**

1:15 Civ. 10182 (JPO)

- against -

**CLERK'S CERTIFICATE
OF DEFAULT**

THOMAS ABRAHAM, et al.

                    **Defendant(s),**
-----------------------------------------------------------X

I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on 12/31/2015 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant(s) SUNNY KULATHAKAL by personally serving Biju G. Kulathakal (son) at defendant's usual place of abode, and proof of service was therefore filed on 2/18/2016, Doc. #(s) 20.

I further certify that the docket entries indicate that the defendant(s) has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant(s) is/are hereby noted.

Dated: New York, New York

      March 23, 2016

                                                        RUBY J. KRAJICK
                                                         Clerk of Court

                                                    By: _____
                                                          Deputy Clerk