UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHOOK RAMSARAN,
      Plaintiff,

-v-

THOMAS ABRAHAM, et al.,
      Defendants.

15-CV-10182 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  Ashook Ramsaran and Sunny Kulathakal do not like each other. Both were leaders of a non-profit organization, but their relationship soured after a contested election and a protracted power struggle. Ramsaran, the plaintiff here, sues Kulathakal for defamation. Kulathakal moves to dismiss, or, in the alternative, for summary judgment. For the reasons that follow, the motion to dismiss is granted in part and denied in part, and the motion for summary judgment is denied.

I.  **Background**

  Since Kulathakal moves for dismissal under Federal Rule 12(b)(6) and for summary judgment under Rule 56, the Court must separate the facts alleged in the Complaint from the facts included in the motion papers. For the purpose of the 12(b)(6) motion, the Court considers only the facts alleged in the Complaint, and assumes that they are true. *See Ramsaran v. Abraham*, No. 15 Civ. 10182, 2017 WL 1194482, at *2 (S.D.N.Y. Mar. 30, 2017). For the purpose of the summary judgment motion, the Court looks at the facts in the record and views all evidence in the light most favorable to the non-moving party. *See Morris v. City of New York*, No. 15 Civ. 3121, 2017 WL 3588941, at *2 (S.D.N.Y. Aug. 18, 2017).

1

A.  **Facts in the Complaint**

This suit arises from a leadership struggle in the Global Organization of People of Indian Origin ("GOPIO"). Headquartered in New York, GOPIO advocates for the rights of the Indian diaspora. In 2014, Plaintiff Ashook Ramsaran was elected president of GOPIO. His opponent was Defendant Sunny Kulathakal. (Compl. ¶ 14.)

After Ramsaran won, a schism emerged within GOPIO, pitting the Ramsaran and anti-Ramsaran factions against each other. In 2015, the anti-Ramsaran faction of GOPIO convened an assembly in India. (Compl. ¶ 16.) The assembly impeached Ramsaran and expelled him from GOPIO, two actions that Ramsaran insists violated GOPIO's rules. (Not to be outdone, Ramsaran convened his own assembly and expelled Kulathakal from GOPIO—but that is not at issue in this case.)

The Complaint asserts two counts against Kulathakal: libel and libel *per se*. They are based on the following allegations:

- Kulathakal disseminated a press release on GOPIO letterhead saying that Ramsaran was expelled from the organization for "various acts of non-compliance with GOPIO Charter and lack of transparency and non-accountability in financial management." (Dkt. No. 1-6 at 2; Compl. ¶ 35.)

- Kulathakal disseminated the above language to several news outlets: Tehelka News, DNA India, APN News, and The West Indian. (Compl. ¶¶ 31–34.)

- Kulathakal sued Ramsaran in an Indian court, in which he claimed that the election was illegal, that Ramsaran was not the president of GOPIO, that Ramsaran had used GOPIO funds illegally, and that Ramsaran resides in India. He also referred to Ramsaran as a "native of the Caribbean" in a way that was meant to be racially demeaning. (Compl. ¶ 41.)

B.  **Summary Judgment Facts**

The Rule 56.1 statements and summary judgment papers are not very helpful. Both parties seem to be more interested in lobbing grenades at each other than fleshing out the factual dispute regarding the alleged statements. Kulathakal paints Ramsaran as vindictive; Ramsaran

2

paints Kulathakal as a sore loser. Each insists that he is the rightful heir to the GOPIO leadership and that the other is a usurper. The parties dispute every single relevant assertion made in the Rule 56.1 statements.

**C.  Procedural History**

In addition to Kulathakal, the Complaint names five other defendants. In its prior opinion, the Court vacated the Certificate of Default issued against Kulathakal, and ruled as follows:

Thomas Abraham:  Motion to dismiss granted.

Ram Gadhavi:  Motion to dismiss granted in part and denied in part.

APN News:  Motion to dismiss granted.

DNA News:  Dismissed for failure to prosecute.

The sixth defendant, Tehelka News, had been served but had not filed an appearance. The Court ordered Ramsaran to explain why he had not filed for default against Tehelka News. *See Ramsaran*, 2017 WL 1194482, at *11.

**II.  Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). And while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, courts must "draw all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Securities Litigation*, 503 F.3d 89, 95 (2d Cir. 2007).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "On summary judgment, the party bearing the burden of proof at trial must provide evidence on each element of its claim or defense." *Cohen Lans LLP v. Naseman*, No. 14 Civ. 4045, 2017 WL 477775, at *3 (S.D.N.Y. Feb. 3, 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). "If the party with the burden of proof makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence." *Clopay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.*, No. 12 Civ. 5262, 2014 WL 4652548, at *3 (S.D.N.Y. Sept. 18, 2014). The court views all "evidence in the light most favorable to the non-moving party," and summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (quoting *Lunds, Inc. v. Chem. Bank*, 870 F.2d 840, 844 (2d Cir. 1989)) (internal quotation marks omitted).

## III.     Discussion

"Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 456 (S.D.N.Y. 2012) (quoting *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000)). This is a suit in diversity, so New York law applies.[1]  To recover in libel, New York law requires that a plaintiff

---

[1] The Complaint asserts that there is subject matter jurisdiction under 28 U.S.C. § 1332. However, the Complaint does not specify (1) Kulathakal's country of citizenship, or (2) if Kulathakal is a U.S. citizen, which state he resides in. Because the Complaint alleges that Kulathakal lives in India, the Court presumes that Kulathakal is not a U.S. citizen, and that the Court has subject matter jurisdiction pursuant to § 1332(a)(2). However, in order to ensure that

4

establish five elements: "(1) a written defamatory statement of fact concerning the plaintiff; (2) publication to a third party; (3) fault (either negligence or actual malice depending on the status of the libeled party); (4) falsity of the defamatory statement; and (5) special damages or per se actionability (defamatory on its face)." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000). A defamatory statement is actionable only if it is made "without authorization or privilege." *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009).

Ramsaran asserts two factual bases for defamation liability against Kulathakal: an allegedly defamatory lawsuit filed in India, and a press release claiming that Ramsaran had been expelled from GOPIO for malfeasance. Each is addressed in turn.

### A. Claims Based on the Lawsuit Filed in India

The Complaint alleges that Kulathakal filed a defamatory lawsuit in an Indian court. (Compl. ¶ 41.) However, under New York law, "[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) (alteration in original) (quoting *Grasso v. Mathew*, 564 N.Y.S.2d 576, 578 (N.Y. App. Div. 3d Dep't 1991)) (internal quotation marks omitted), *aff'd*, 101 F.3d 1479 (2d Cir. 1996). Ramsaran does not argue that the allegedly defamatory statements were not pertinent to the Indian litigation. Indeed, in his opposition brief, Ramsaran does not try to defend the viability of this claim. Accordingly, any claims resting on the Indian lawsuit are dismissed.

---

the Court indeed has subject matter jurisdiction, Plaintiff is directed to inform the Court by letter as to Kulathakal's country of citizenship.

### B. Claims Based on the Press Release

The Complaint's key claim is that Kulathakal disseminated a press release on GOPIO letterhead saying that GOPIO leadership had expelled Ramsaran for "various acts of non-compliance with GOPIO Charter and lack of transparency and non-accountability in financial management." (Dkt. No. 1-6 at 2; Compl. ¶ 35.)

The main point of dispute is the issue of falsity. Kulathakal argues that there indeed *was* a meeting, and that the attendees of that meeting *did* expel Ramsaran. And since his press release just reported what had happened at the meeting, Kulathakal argues, everything he said was literally true. (Dkt. No. 90 at 8.) Ramsaran responds that the press release was false because the meeting was illegal under GOPIO rules, and therefore the press release lied when it said that GOPIO expelled Ramsaran.[2]

This brings us to the key factual issues here: whether the January 6th meeting was lawful under GOPIO bylaws, and whether the statements about Ramsaran's malfeasance were true. If they were, Ramsaran's suit fails. If they were not, then the press release was arguably false, and Kulathakal might be liable either for making the defamatory statements or for republishing them.

For now, however, neither dismissal nor summary judgment is warranted. As to dismissal under Rule 12(b)(6), the Complaint adequately alleges the elements of a defamation claim. Specifically, it alleges (1) that Kulathakal disseminated a defamatory press release stating that Ramsaran was expelled by GOPIO for malfeasance; (2) that this press release was issued to third parties, including the press; (3) that Kulathakal was negligent or malicious with regard to falsity; (4) that the statement was false; and (5) that Ramsaran suffered damages as a result. *See*

---

[2] The parties do not address the issue of whether, even if someone other than Kulathakal made the original statements about Ramsaran's alleged malfeasance, Kulathakal could be liable for republishing those statements.

*Celle,* 209 F.3d at 176. Even if Kulathakal believed that the statements were true, and even if he believed that the expulsion of Ramsaran complied with GOPIO rules, the Court cannot consider those arguments on a motion to dismiss. For the purposes of a 12(b)(6) motion, the Court can consider only the Complaint and its attachments. *See Biro*, 883 F. Supp. 2d at 455 (noting that, on a motion to dismiss, courts normally consider only the allegations on the face of the pleadings and documents that are attached to the complaint or incorporated in it by reference, including the documents containing the allegedly defamatory statements). Those pleadings adequately state a claim for defamation.

      As to summary judgment, the record is far too muddled to allow for any determination regarding the legality of the January 6th meeting, let alone whether Ramsaran committed malfeasance. Discovery has not yet taken place, nor has Kulathakal filed an answer. For the purpose of summary judgment, the Court considers the parties' pleadings, briefs, statements of undisputed facts, and affidavits. However, the parties spend more time sniping at each other in their briefs than they do developing the legal and factual issues that actually govern this case. The parties offer only minimal discussion of the relevant issues and privileges, including whether Ramsaran is a public figure, whether Kulathakal had the appropriate level of intent or culpability, whether Kulathakal was the source of the defamatory statements or if he merely republished them, and whether Ramsaran suffered damages. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Kulathakal has not met his ultimate burden of showing that there is no genuine dispute of

material fact. *See Celotex*, 477 U.S. at 322–23. The Court therefore denies his motion for summary judgment without prejudice to renewal following discovery.[3]

## IV. Tehelka News

In this Court's prior opinion, it noted that Tehelka News had not appeared in this action, despite having been served. The Court ordered Ramsaran to inform the Court by April 20, 2017, as to why he has not filed for default judgment against Tehelka News. As Ramsaran has not filed anything to that effect, the claims against Tehelka News are dismissed for failure to prosecute.

## V. Ram Gadhavi

The Court's prior opinion granted in part and denied in part Gadhavi's motion to dismiss. Nine months later, Gadhavi has not filed an answer to the surviving claims, yet Ramsaran has not moved for default judgment. Ramsaran is therefore directed to notify the Court whether he intends to move for default judgment, or if he has received any communication from Gadhavi regarding Gadhavi's response to the complaint. If Ramsaran fails by January 12, 2018, to either (1) file a letter concerning the status of the case against Gadhavi, or (2) move for default judgment against Gadhavi, his claims against Gadhavi may be dismissed for failure to prosecute.

## VI. Conclusion

For the foregoing reasons, Kulathakal's motion to dismiss is GRANTED in part and DENIED in part. Specifically, claims relating to the lawsuit filed in India are dismissed, while claims relating to the press statements survive. Kulathakal's motion for summary judgment is

---

[3] If and when another motion for summary judgment is filed, the parties would be well advised to focus on the claims at issue in this case rather than airing their non-relevant grievances. For example, it does not matter in this case whether Ramsaran expelled Kulathakal after Kulathakal made the allegedly defamatory statements. Indeed, it is hard to see how any events that occurred after the allegedly defamatory statements are relevant to this case.

DENIED as moot with regard to the Indian lawsuit, and DENIED without prejudice to renewal with regard to the press statements. All claims against Tehelka News are dismissed.

Kulathakal is directed to file an answer to the surviving claims by January 12, 2018.

In addition to informing the Court about the status of the suit against Gadhavi (*see supra* Part V), Ramsaran is directed to inform the Court as to Kulathakal's country of citizenship (*see supra* footnote 1) via ECF letter, which shall be due on January 12, 2018.

The Clerk of Court is directed to close the motion at Docket Number 88.

SO ORDERED.

Dated: December 21, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge